Van Voorhis, J. (dissenting).
The determination permanently disqualifying petitioners from bidding on Board of Education contracts was, in my vieAV, arbitrary and capricious for reasons stated at Special Term, and beyond the poAvers of the board. By affirming, the majority of the court is holding, in effect, that petitioners may be disqualified indefinitely but not *542 permanently. That seems to me to be a distinction without a material difference. Defective work in connection with school buildings has not been laid at their doors. They have performed hundreds of millions of dollars of construction work for the Board of Education over a period of many years without fault being found respecting materials, workmanship or prices. The Board of Education even let contracts to at least one of the petitioners after the occurrence of the incident now being held to disqualify them from bidding. Neither their competence as builders nor their financial responsibility is criticized. The bids interposed on the job in question were the lowest submitted by any competitive bidder. The circumstance that they resolved the conflict resulting from tie bids in the manner in which they did, which may have been illegal, has no relation to preventing them from hereafter bidding on other jobs, which can only result in lessening the competition and increasing the costs of school construction. The orders of the Appellate Division should be reversed and the orders of Special Term reinstated.
Judges Dye, Fuld, Froessel, Burke and Foster concur with Chief Judge Desmond ; Judge Van Voorhis dissents in a separate opinion.
In each case: Order affirmed.